UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SHAMEEKA NICOLE DAVIS,

                Plaintiff,

      v.

ANDREW SAUL,
Commissioner of Social Security,

                Defendant.
_____

DECISION & ORDER

18-CV-6559-MJP

## INTRODUCTION

**Pedersen, M.J.** Plaintiff Shameeka Nicole Davis ("Davis") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Supplemental Security Income Benefits ("SSI"). Pursuant to 28 U.S.C. § 636(c), the parties have consented to the disposition of this case by a United States magistrate judge. (Consent to Proceed, Nov. 15, 2019, ECF No. 18.) For the reasons stated below, the Commissioner's decision is reversed, and the matter is remanded for an expedited rehearing.

## BACKGROUND

Davis filed her SSI application in August 2014, alleging disability beginning in July 2013 (R.[1] 78, 178.) Her application was denied at the state agency level, and on

---

[1] Record of proceedings before the Social Security Administration, Jan. 15, 2019, ECF No. 8.

July 28, 2017, an administrative law judge ("ALJ") found her not disabled (R. 7-23, 86-91.) On June 4, 2018, the Appeals Council denied Davis's request for review of the ALJ's decision (R. 1–6.) The ALJ's decision stands as the final decision of the Commissioner subject to judicial review. *See* 42 U.S.C. § 405(g).

## DISCUSSION

*Standard of Review*

This Court's scope of review is limited to whether the Commissioner's determination is supported by substantial evidence in the record and whether the Commissioner applied the correct legal standards. *See Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) ("[i]n reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision"), *reh'g granted in part and denied in part*, 416 F.3d 101 (2d Cir. 2005); *see also Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) ("it is not our function to determine *de novo* whether plaintiff is disabled[;] . . . [r]ather, we must determine whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard") (internal citation and quotation omitted). Pursuant to 42 U.S.C. § 405(g), a district court reviewing the Commissioner's determination to deny disability benefits is directed to accept the Commissioner's findings of fact unless they are not supported by "substantial evidence." 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive"). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation omitted).

To determine whether substantial evidence exists in the record, the court must consider the record as a whole, examining the evidence submitted by both sides, "because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). To the extent they are supported by substantial evidence, the Commissioner's findings of fact must be sustained "even where substantial evidence may support the claimant's position and despite the fact that the [c]ourt, had it heard the evidence *de novo*, might have found otherwise." *Matejka v. Barnhart*, 386 F. Supp. 2d 198, 204 (W.D.N.Y. 2005) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983)).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the ALJ must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

(1) whether the claimant is currently engaged in substantial gainful activity;

(2) if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";

(3)     if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;

(4)     if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his past work; and

(5)     if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d at 383 (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

***The Administrative Law Judge's ("ALJ") Decision***

In his decision, the ALJ followed the required five step analysis for evaluating disability claims. (R. 12, ECF 8.) Under step one of the process, the ALJ found that Davis had not engaged in substantial gainful activity since August 18, 2014, the application date. (R. 12.) At step two, the ALJ concluded that Davis has the severe impairments of depressive disorder and generalized anxiety disorder (*Id.*) At step three, the ALJ determined that Davis does not have an impairment (or combination of impairments) that meets or medically equals one of the listed impairments. (R. 12-13.) At step four, the ALJ determined Davis had the residual functional capacity ("RFC") to perform

> a full range of work at all exertional levels, but with the following nonexertional limitations: simple, routine, repetitive tasks; work in a low stress job, defined as being free of fast paced production requirements, no hazardous conditions only occasional decision making required, and only occasional change in the work setting; occasional

4

interaction with coworkers and supervisors; no tandem tasks; and no direct interaction with the general public.

R. 15. Because Davis disagrees with the ALJ's step four determination, the Court will analyze that step below.

***The ALJ's Assessment of the Medical Opinion of Dr. Michael Simson***

Davis claims that the ALJ did not properly evaluate the opinions of her treating psychiatrist, Dr. Michael Simson; her social worker, Ms. Linda Donahue; or her therapists, Ms. Jessica Pakan, Cammy Cochrane, LMSW, and Ms. Pamela Smith. (R. 460–62, 523–36; Pl.'s Br. at 15, 20–21.) Only the decision regarding the opinion of Davis's treating psychiatrist, Dr. Michael Simson will be considered here.

In his decision, the ALJ evaluated the opinions of Ms. Donahue and Dr. Simson simultaneously; "I give the opinion of Linda Donahue, LCSW, and Michael D. Simon [sic], MD, some weight." (R. 16.) The ALJ then follows by stating why he believed that the opinion should be given "little weight." (R. 17.)

> I find that this opinion is inconsistent with the objective medical evidence of record. The record indicates the claimant has a history of noncompliance with medication and treatment. It also demonstrates improvement when she is adherent with her medication and treatment. (Ex. B4F. B5F, B6F, B7F, B9F). Further, this opinion was a checked box form for benefits application and Ms. Donahue is not a medically accepted source. I give the opinion of Ms. Donahue and Dr. Simon [sic] little weight."

(R. 16–17.) The Code of Federal Regulations dictates what the ALJ must do when the treating source is not given controlling weight: "[w]hen we do not give the treating source's medical opinion controlling weight. . . [w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion." 20 C.F.R. § 404.1527 (c)(2).

5

> An ALJ who refuses to accord controlling weight to the medical opinion of a treating physician must consider various "factors" to determine how much weight to give to the opinion. 20 C.F.R. § 404.1527(d)(2). Among those factors are: (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion. *Id.* The regulations also specify that the Commissioner "will always give good reasons in [her] notice of determination or decision for the weight [she] give[s] [claimant's] treating source's opinion." *Id.; accord* 20 C.F.R. § 416.927(d)(2); *see also Schaal,* 134 F.3d at 503–504 (stating that the Commissioner must provide a claimant with "good reasons" for the lack of weight attributed to a treating physician's opinion).

*Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).

Here both the Government and the Plaintiff describe Dr. Simson as a treating source. "Plaintiff claims that the ALJ did not properly evaluate the opinions of her treating psychiatrist, Dr. Simson . . ." "[t]he ALJ's discussion of the evidence throughout the decision does not provide insight into what evidence is allegedly inconsistent with Dr. Simson's treating physician opinion, and application of the required Regulatory factors would direct greater weight to Dr. Simson's psychiatric opinion." (Def.'s Br. at 25, and Pl.'s Br. 16-17.)

The ALJ's failed to comply with the rule requiring a good reason for not giving controlling weight to Davis's treating psychiatrist's opinion. The ALJ's statement that, "the record indicates the claimant has a history of noncompliance with medication and treatment. It also demonstrates improvement when she is adherent with her medication and treatment. (Ex. B4F. B5F, B6F, B7F, B9F)," (R. 17), failed to analyze the opinion in the manner prescribed by the Second Circuit and does not

6

provide insight into what specific evidence is inconsistent with Dr. Simson's treating physician opinion.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings ([ECF No. 13](#)) is granted and the Commissioner's motion for judgment on the pleadings ([ECF No. 16](#)) is denied. Pursuant to the fourth sentence of 42 U.S.C. § 405(g), this matter is remanded to the Commissioner for an expedited hearing. The Clerk of the Court is directed to enter judgment in favor of the Plaintiff and close this case.

IT IS SO ORDERED.

_____
MARK. W. PEDERSEN
United States Magistrate Judge

Dated:　　February 29, 2020
　　　　　　Rochester, New York